UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Jonathan Brofford,<br><br>    Plaintiff,<br><br>v.<br><br>Law Office of David A. Bader, LLC,<br><br>    And<br><br>Unifund CCR, LLC,<br><br>    Defendants. | Case No. 2:22-cv-4088<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE OHIO CONSUMER SALES PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

## PARTIES

1. Plaintiff, Jonathan Brofford ("Jonathan"), is a natural person who resided in Columbus, Ohio, at all times relevant to this action.

2. Defendant, Law Office of David A. Bader ("Bader Law"), is an Ohio limited liability company that maintained its principal place of business in Toledo, Ohio, at all times relevant to this action.

3. Defendant, Unifund CCR, LLC ("Unifund"), is an Ohio limited liability company that maintained its principal place of business in Cincinnati, Ohio, at all times relevant to this action.

## JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

1

5. Pursuant to 28 U.S.C. §1367(a), the Court also has Supplemental Jurisdiction over Plaintiff's claims under the Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1345.01 et seq. ("OCSPA") because they share a common nucleus of operative fact with Plaintiff's claims under the FDCPA.

6. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

7. At all times relevant to this action, Bader Law and Unifund (Collectively "Defendants") collected consumer debts.

8. Defendants regularly use instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

9. The principal source of Unifund's revenue is debt collection.

10. Unifund is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

11. Bader Law is a "debt collector" that regularly collects consumer debts as defined by 15 U.S.C. §1692a(6).

12. Defendants meet the definition of a "supplier" as defined by Ohio Rev. Code § 1345.01(C). *See Midland Funding L.L.C.. V. Brent*, 644 F.Supp2d 961, 976 (N.D. Ohio 2009)(citing cases).

13. As described, *infra*, Defendants collected a debt from Jonathan that was incurred primarily for personal, family, or household purposes.

14. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

15. Jonathan is a "consumer" as defined by 15 U.S.C. § 1692a(3).

16. On a date prior to January 1, 2020, Unifund alleges it purchased an account ("Phantom Account") in default allegedly belonging to Capital One Bank, N.A, ("Capital One") allegedly owed by Jonathan.

17. On information and belief, Jonathan never had a Capital One credit card go into default.

18. Jonathan did not learn about Phantom Account until rather recently, as described, *infra*.

19. On January 3, 2020, Unifund, by and through Bader Law, filed a lawsuit in Franklin County, Ohio, against Jonathan to collect the Phantom Debt.

20. On January 22, 2020, Defendants attempted to serve Jonathan by Certified Mail, but for unknown reasons was unsuccessful.

21. Despite being unable to perfect service upon Jonathan, despite six months passing from the filling of the Complaint, the local court did not dismiss the case pursuant to Ohio Civil Rule 4(E).

22. Ten months later, on October 20, 2020, Defendants again attempted to serve Jonathan by Certified Mail but, again, for unknown reasons were unsuccessful.

23. On December 3, 2020, Defendants again attempted to serve Jonathan by Certified Mail, but for unknown reasons were unsuccessful.

24. On January 4, 2021, Defendants again attempted to serve Jonathan by Certified Mail, but for unknown reasons were unsuccessful.

25. Despite being unable to serve Plaintiff in over a year from the filling of the Complaint, the local court did not dismiss the case pursuant to Ohio Civil Rule 4(E).

26. As of the date of filling this Action, Defendants still have not served Plaintiff with the Summons and Complaint.

27. Despite Defendants not perfecting service upon Jonathan, on March 17, 2021, Defendants filed a Motion for Default Judgment stating, *inter alia,* that Jonathan was served and was in default of Answer.

28. Despite this being factually false, but relying on Defendant's statements, the local court entered Judgment ("Improper Judgment) in favor of Defendants on the Phantom Account.

29. In 2021, Defendants began executing on the Improper Judgment including seizing $4,590.01 from Jonathan's bank account and recording a lien on all of Jonathan's real property.

30. In 2021, Jonathan and Bader law attended a hearing on the bank garnishment and the parties told the Judge they wanted to settle the dispute. In doing so, the Judge instructed Bader Law to validate the debt and to timely provide a settlement offer to Jonathan.

31. As a result, the executed funds were not released to Bader Law but, instead, sat with the Clerk of Court.

32. Nearly a year later, in 2022, Bader Law attempted to seize Jonathan's bank account again.

33. Operating under the belief over the prior year that Bader Law had obtained the $4,590.01 and used it to satisfy the debt in full, Jonathan became concerned.

34. As a result, Jonathan visited the local courthouse and spoke with the Clerk of Court.

35. In doing so, the Clerk of Court instructed Jonathan that the $4,590.01 was still sitting with the Clerk's office as there was instructions for Bader Law to approach Jonathan with a settlement offer and the garnishment was not approved.

36. Bader law never approached Jonathan with a settlement offer.

37. Bader law never filed a release of funds with the Clerk.

38. As a result, for nearly a year, statutory interest on the Improper Judgment continued to accrue.

39. As a result, for nearly a year, Jonathan lost use of the seized funds and had to utilize his high interest credit cards.

40. The funds seized were funds being saved to pay for Jonathan's property taxes.

41. As a result of the garnishment, and Bader Law's neglect to release the funds, Jonathan's property taxes went into default and resulted in a tax lien.

42. That tax lien was sold and Jonathan was forced to pay thousands of additional dollars in interest, costs and fees to satisfy.

43. Additionally, the Clerk of Court notified Jonathan that the Judgment should have not been entered because the docket did not reflect that he was ever served with the lawsuit.

44. On October 17, 2022, Jonathan filed a Motion to Vacate Judgment with the local court arguing, *inter alia,* service was not perfected.

45. Jonathan served Defendants with the Motion to Vacate Judgment by regular mail.

46. On information and belief, despite receiving the Motion to Dismiss, Defendants failed to release the Improper Judgment.

47. On information and belief, despite receiving the Motion to Dismiss, Defendants failed to release the Judgment lien it recorded against all of Jonathan's real property.

48. Dismayed, Jonathan telephoned Unifund and disputed the debt and demanded the Judgment be vacated.

49. Despite having actual knowledge of the events, Unifund refused to vacate the judgment and dismiss the lawsuit against Jonathan.

50. Defendants' collection efforts, including, but not limited to improper litigation tactics, caused Jonathan emotional distress in the form of frustration, annoyance, aggravation, and anxiety.

51. Defendants' collection efforts also improperly deprived Jonathan of his assets.

52. Defendants' collection efforts also caused Jonathan to incur debt on credit cards with high interest.

53. Defendants' collection efforts caused Jonathan's property taxes to go into default, be sold, and caused him to pay off the tax lien, interest, and costs.

## COUNT ONE – UNIFUND

### Violation of the Fair Debt Collection Practices Act

54. Jonathan re-alleges and incorporates by reference Paragraphs 7 through 53 above as if fully set forth herein.

55. Unifund violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Jonathan in connection with the collection of the debt.

## COUNT TWO – BADER LAW

### Violation of the Fair Debt Collection Practices Act

56. Jonathan re-alleges and incorporates by reference Paragraphs 7 through 53 above as if fully set forth herein.

57. Bader Law violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Jonathan in connection with the collection of the debt.

## COUNT THREE – BADER LAW

### Violation of the Fair Debt Collection Practices Act

58. Jonathan re-alleges and incorporates by reference Paragraphs 7 through 53 above as if fully set forth herein.

59. Bader Law violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT FOUR - UNIFUND

### Violation of the Fair Debt Collection Practices Act

60. Jonathan re-alleges and incorporates by reference Paragraphs 7 through 53 above as if fully set forth herein.

61. Unifund violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## COUNT FIVE – BADER LAW

### Violation of the Fair Debt Collection Practices Act

62. Jonathan re-alleges and incorporates by reference Paragraphs 7 through 53 above as if fully set forth herein.

63. Bader Law violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## COUNT SIX - UNIFUND

### Violation of the Ohio Consumer Sales Practices Act

64. Jonathan re-alleges and incorporates by reference Paragraphs 7 through 53 above as if fully set forth herein.

65. Unifund's actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

66. Unifund's actions and omissions described above constitute unfair, deceptive, and unconscionable acts and practices, in violation of Ohio Rev. Code § 1345.02 Ohio Rev. Code § 1345.03 and the substantive rules promulgated under the OCSPA.

67. Unifund knowingly committed the unfair and unconscionable acts and practices described above.

68. Unifund's violations of the FDCPA are a per se violation of the OCSPA. *Federal v. Lamar* 503 F.3d 504 (6th Cir. 2007).

## COUNT SEVEN – BADER LAW

### Violation of the Ohio Consumer Sales Practices Act

69. Jonathan re-alleges and incorporates by reference Paragraphs 7 through 53 above as if fully set forth herein.

70. Bader Law's actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

71. Bader Law's actions and omissions described above constitute unfair, deceptive, and unconscionable acts and practices, in violation of Ohio Rev. Code § 1345.02 Ohio Rev. Code § 1345.03 and the substantive rules promulgated under the OCSPA.

72. Bader Law knowingly committed the unfair and unconscionable acts and practices described above.

73. Bader Law's violations of the FDCPA are a per se violation of the OCSPA. *See Federal v. Lamar* 503 F.3d 504 (6th Cir. 2007).

## JURY DEMAND

74. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

75. Plaintiff prays for the following relief:

    a. Judgment against each Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    b. Judgment against each Defendant under the OCSPA for treble damages, actual damages, non-economic damages, punitive damages and reasonable attorney's fees, witness fees, court costs, and other costs incurred by Plaintiff.

    c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Date: November 17, 2022

By: /s/ Jeffrey S. Hyslip
Jeffrey S. Hyslip, Esq. (0079315)
Hyslip Legal, LLC
207 S. Harrison Street, Suite A
Algonquin, IL 60102
Phone: 614-362-3322
Email: jeffrey@hysliplegal.com

*Attorney for Plaintiff*